UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:18-cv-03307

FRED NEKOUEE, individually,                      :
                                                 :
                Plaintiff,                       :
                                                 :
vs.                                              :
                                                 :
KBSB INVESTMENT, INC., a Colorado                :
corporation;                                     :
                                                 :
                Defendant.                       :
_____/

## **COMPLAINT**
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, KBSB INVESTMENT, INC., a Colorado corporation (sometimes referred to as "Defendant"), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.     Plaintiff, Fred Nekouee, is an individual who resides in Lutz, Florida, in the County of Hillsborough.

2.     Defendant's property, an Americas Best Value Inn, has an address of 3815 Highway 119, Longmont, Colorado 80504, in Weld County, Colorado ("Americas Best Value Inn").

3.     Defendant's property includes the Rinn Valley Restaurant that adjoins the Americas Best Value Inn.

4.     Venue is proper in the District of Colorado because venue lies in the judicial district

of the situs of the property.   The Defendant's property is located in and does business within this judicial district.

5.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

6.      Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.   Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.

7.      Mr. Nekouee travels to the Longmont-Firestone area every three to six months to accompany his brother at heavy equipment auctions and to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment, or to vacation.

8.      Fred Nekouee wanted to stay at the Americas Best Value Inn which forms the basis of this lawsuit on July 31, 2018 for an overnight stay with checkout on August 1, 2018, and so he requested an accessible room.

9.      Fred Nekouee was told by an employee of Americas Best Value Inn that Americas Best Value Inn does not have any fully-accessible rooms for the disabled at its facility, and words to the effect that it did have a partially accessible room, room 105.

10.      Fred Nekouee entered accessible room 105 at Americas Best Value Inn to see if the room could accommodate him in his wheelchair.

11.      Due to the barriers to access Fred Nekouee encountered at Americas Best Value Inn Fred Nekouee did not check in, and he is deterred from visiting the Inn to avail himself of the goods and services offered to the public at the Inn.

12.     Fred Nekouee visited the Longmont-Firestone area near the Americas Best Value Inn again on October 3, 2018 to attend a heavy equipment auction, and he visited Rocky Mountain National Park on October 2, 2018.

13.     The Plaintiff has definite plans to return to the Longmont-Firestone area in January of 2018.

14.     Americas Best Value Inn is close to the heavy equipment auction and dealerships he visits, and it is a good hotel location from which to make day trips to Rocky Mountain National Park.

15.     The Plaintiff likes to stay at moderately-priced hotels that are a chain like Americas Best Value Inn.

16.     The Plaintiff plans to return to Americas Best Value Inn and the Rinn Valley Restaurant again if the barriers to access are removed.

17.     The Plaintiff has encountered architectural barriers at the subject property.

18.     The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restrooms in Americas Best Value Inn and in the Rinn Valley Restaurant.

19.     The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat.

20.     The Plaintiff cannot move up or down steep inclines in his wheelchair because he lacks the strength and also risks tipping his wheelchair forwards or backwards.

21.     The Plaintiff encountered and observed barriers to access in the accessible guestroom 105, the restrooms in the lobby of the Americas Best Value Inn, and in the men's

restroom in the Rinn Valley Restaurant.

22.    The Plaintiff is deterred from visiting the Americas Best Value Inn and the Rinn Valley Restaurant because of the difficulties he will experience there until the property is made accessible to him in a wheelchair.

23.    Defendant owns, leases, leases to, or operates a place of public accommodation (an inn, hotel, motel, or other place of lodging) as defined by the ADA, 42 U.S.C. § 12181(7)(A), and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, the Americas Best Value Inn.

24.    Defendant owns, leases, leases to, or operates a place of public accommodation (a restaurant) as defined by the ADA, 42 U.S.C. § 12181(7)(B), and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, the Rinn Valley Restaurant.

25.    Americas Best Value Inn is a place of public accommodation.

26.    Rinn Valley Restaurant is a place of public accommodation.

27.    Defendant is responsible for complying with the obligations of the ADA.

28.    Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 32 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

29.    Fred Nekouee desires to visit the Americas Best Value Inn and the Rinn Valley Restaurant not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

4

30.     The Defendant has discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

31.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

32.     Preliminary inspections of the Americas Best Value Inn and the Rinn Valley Restaurant have shown that violations exist.   The violations that Fred Nekouee personally encountered or observed include, but are not limited to:

   **PARKING**

   a.   As shown in the photograph below, one of the two parking spaces for disabled patrons does not have the signage and international symbol of accessibility.   This lack of signage violates Federal Law 2010, ADAAG §§ 502.6 and 703.7.2.1.   The Plaintiff observed this lack of signage.



b.   In the parking lot, on the side of the hotel as shown in the photographs below, the two parking spaces for disabled patrons do not have the signage and international symbol of accessibility.   This lack of proper signage violates Federal Law 2010, ADAAG §§ 502.6 and 703.7.2.1.   The Plaintiff observed this lack of signage.





c.    In the parking lot, the parking spaces for disabled patrons in front of Rinn Valley Restaurant do not have the signage and international symbol of accessibility.   This lack of signage violates Federal Law 2010, ADAAG §§ 502.6 and 703.7.2.1.   The Plaintiff observed this lack of signage.

d.    In the parking lot, there are no parking spaces for disabled patrons with van accessible signage.   This lack of van accessible signage violates Federal Law 2010, ADAAG §§ 208.2.4 and 502.6.   The Plaintiff observed this condition.

e.    The curb ramp shown in the photograph in subparagraph (a) above projects into the parking access aisle and does not have a proper landing.   These conditions violate Federal Law 2010, ADAAG §§ 406.5 and 502.4.   The Plaintiff encountered this curb ramp while moving in his wheelchair, and due to it projecting into the parking access aisle, this

curb ramp endangered his safety.

f.    As shown in the photograph below, the curb ramp in front of the Rinn Valley Restaurant projects into the parking access aisle and does not have a proper landing. These conditions violate Federal Law 2010, ADAAG §§ 406.5 and 502.4.   The Plaintiff observed these conditions.



**INTERIOR LOBBY AREA COUNTERS**

g.    The countertops throughout the lobby are about 47 inches above the finish floor. These countertops are higher than the maximum allowed height of 36 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 904.4.1.   Due to its height above the floor, it was very difficult for the Plaintiff to reach objects on the counter.   An adjustment of the height of the counters in the lobby is readily achievable.

**MEN'S RESTROOM IN LOBBY**

h.    The door handle to the men's restroom in the lobby of Americas Best Value Inn is installed at about 51 inches above the finish floor.   This door handle is higher than the maximum allowed reach height of 48 inches above the finish floor, in violation of Federal

Law 2010, ADAAG § 404.2.7.   The Plaintiff observed this condition, and due to the height of the door handle above the floor, he required assistance to try to open this door, which door was locked.

**WOMEN'S RESTROOM IN LOBBY**

i.   The door handle to the women's restroom in the lobby of Americas Best Value Inn is installed at about 52 inches above the finish floor.   This door handle is higher than the maximum allowed reach height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 404.2.7.   The Plaintiff observed this condition, and due to the height of the door handle above the floor, he required assistance to try to open this door, which door was locked.

**RINN VALLEY RESTAURANT ENTRANCE AND MEN'S RESTROOM**

j.   Since the doors were locked to the men's and women's restrooms in the lobby of Americas Best Value Inn, Fred Nekouee tried to find a restroom in the Rinn Valley Restaurant attached to, and adjoining Americas Best Value Inn.   The door knob to the entrance door to the Rinn Valley Restaurant requires tight grasping, pinching, or twisting or the wrist.   This condition violates Federal Law 2010, ADAAG § 309.4 and 404.2.7. The Plaintiff could not open this entrance door with a closed fist or loose grip.

k.   As shown in the photograph below, in the men's restroom in the Rinn Valley Restaurant, there is no knee clearance depth under the sink since such space is blocked by a vanity cabinet.   This lack of knee clearance space violates Federal Law 2010, ADAAG § 306.2.3.   In his wheelchair, the Plaintiff encountered this vanity cabinet and he could not make a forward approach in his wheelchair to use this sink.



l.   In the men's restroom in the Rinn Valley Restaurant, the door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is about 7 inches.   This maneuvering clearance space is less than the minimum required clearance of 18 inches, in violation of Federal Law 2010, ADAAG § 404.2.4.   The Plaintiff encountered this condition in his wheelchair.

m.   In the men's restroom in the Rinn Valley Restaurant, the bottom edge of the mirror's reflecting surface is about 59 inches above the finish floor.   The bottom edge of this mirror's reflecting surface is higher than the maximum allowed height of 40 inches

above the finish floor, in violation of Federal Law 2010, ADAAG § 603.3.   The Plaintiff

could not see his face in this mirror due to its height above the floor.

n.   In the men's restroom in the Rinn Valley Restaurant, the urinal rim is about 24

inches above the finish floor.   This urinal rim is higher than the maximum allowed height

of 17 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 605.2.

In his wheelchair, the Plaintiff could not use this urinal.

o.   In the men's restroom in the Rinn Valley Restaurant, the urinal flush control is

about 51 inches above the finish floor.   This flush control is higher than the maximum

allowed height of 48 inches above the finish floor, in violation of Federal Law 2010,

ADAAG §§ 605.4 and 309.   The Plaintiff observed this condition.

p.   In the men's restroom in the Rinn Valley Restaurant, the urinal clear floor space

width is about 26 inches.   This clear floor space width is less than the minimum required

width of 36 inches to the alcove urinal (a urinal confined on all or part of three sides where

the depth exceeds 24 inches), in violation of Federal Law 2010, ADAAG §§ 305.7.1 and

305.7.2.   The Plaintiff observed this condition.

q.   In the men's restroom in the Rinn Valley Restaurant, the accessible water closet

stall width is about 39 inches.   This width is less than the minimum required width of 60

inches for a wheelchair accessible compartment, in violation of Federal Law 2010,

ADAAG §§ 604.8.1 and 304.3.   The Plaintiff encountered this condition, and it made it

very difficult for him to maneuver in this compartment in his wheelchair.

r.   In the men's restroom in the Rinn Valley Restaurant, there is no rear wall grab bar.

This lack of a rear wall grab bar violates Federal Law 2010, ADAAG § 604.5.   Due to the

lack of a rear wall grab bar, the Plaintiff required assistance to transfer from his wheelchair

to sit on the toilet.

s.    In the men's restroom in the Rinn Valley Restaurant, the water closet or toilet does not have the flush control mounted on the open and what should be the wide side of the clear floor space.  This condition violates Federal Law 2010, ADAAG § 604.6.  The Plaintiff could not flush the toilet on his own as a result of the placement of the flush control.

t.    In the men's restroom in the Rinn Valley Restaurant, the space between the top of the side wall grab bar and the toilet paper dispenser above it is about 5 inches.   This space is less than the minimum required gap of 12 inches (305 mm), in violation of Federal Law 2010, ADAAG § 609.3.   The Plaintiff had great difficulty using this side wall grab bar due to this lack of space between the bar and the dispenser.

u.    In the men's restroom in the Rinn Valley Restaurant, the distance from the toilet centerline to the side wall is not between a minimum of 16 inches (405 mm) and a maximum of 18 inches (455 mm).   This condition violates Federal Law 2010, ADAAG § 604.2.   The Plaintiff encountered this condition.

v.    In the men's restroom in the Rinn Valley Restaurant, the latch to the door requires tight grasping, pinching or twisting of the wrist, in violation of Federal Law 2010, ADAAG §§ 309.4 and 404.2.7.   The Plaintiff could not close or open this latch to the door with a closed fist or loose grip.

**ACCESSIBLE GUESTROOM 105**

w.   The accessible guestroom 105 door pull side maneuvering clearance in a front approach and perpendicular to the doorway is about 52 inches and less than the minimum required clearance of 60 inches, in violation of Federal Law 2010, ADAAG § 404.2.4.   In

his wheelchair, the Plaintiff required assistance to exit the room due to this lack of clearance space.

x.   In accessible guestroom 105, the cabinet door handles require tight grasping and pinching.  This condition violates Federal Law 2010, ADAAG § 309.4.  The Plaintiff could not open these cabinet drawers with a loose grip.

y.   In accessible guestroom 105, the switches for the air conditioning unit require tight grasping, pinching or twisting of the wrist, in violation of Federal Law 2010, ADAAG §§ 606.4 and 309.4.   The Plaintiff observed this condition.

z.   In accessible guestroom 105, the clear floor or ground space between the air conditioning unit and the chair is less than 30 inches.   This lack of clear floor or ground space violates Federal Law 2010, ADAAG § 305.   The Plaintiff observed this condition.

aa.   In accessible guestroom 105, the hangers are higher than 48 inches above the finish floor.   The height of these hangers violates Federal Law 2010, ADAAG § 603.4. The Plaintiff observed this condition.

bb.   In accessible guestroom 105, the light switch on the wall near the entrance door is installed at about 54 inches above the finish floor.   This light switch is higher than the maximum allowed height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.   In his wheelchair, the Plaintiff tried to turn on the lights but could not reach this light switch due to its height above the floor.

cc.   In accessible guestroom 105, the night stand light switch is about 51 inches above the finish floor.   This night stand light switch is higher than the maximum allowed reach height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.   The Plaintiff observed this condition.

dd.   In accessible guestroom 105, the shelf is installed at about 66.5 inches above the finish floor.   The shelf is higher than the maximum allowed height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.   The Plaintiff observed this condition.

ee.   In accessible guestroom 105, the lower end of the curtain pull rod is about 57 inches above the finish floor.   This curtain pull rod is higher than the maximum allowed reach height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.   The Plaintiff tried but could not use this curtain pull rod due to its height above the finish floor.

ff.   In accessible guestroom 105, the security latch for the entrance door to the room is installed at about 63.5 inches above the finish floor.   This security latch is higher than the maximum allowed reach height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 404.2.7.   The Plaintiff observed this condition.

**RESTROOM OF ACCESSIBLE GUESTROOM 105**

gg.   In the restroom of accessible guestroom 105, a shower spray unit with a hose that can be used both as a fixed-position shower head and as a hand-held shower is not provided. The lack of such a shower spray unit violates Federal Law 2010, ADAAG § 607.6.   The Plaintiff observed this condition.

hh.   In the restroom of accessible guestroom 105, the clearance length parallel to the bathtub is blocked by the toilet and is less than the length of the bathtub.   This lack of clearance violates Federal Law 2010, ADAAG § 607.2.   The Plaintiff observed this condition.

ii.   In the restroom of accessible guestroom 105, the clearance width parallel to the

bathtub is about 10 inches.   This clearance width is less than the required minimum clearance with of 30 inches, in violation of Federal Law 2010, ADAAG § 607.2.   The Plaintiff observed this condition.

jj.   In the restroom of accessible guestroom 105, a grab bar is not installed on the tub control end wall.   This lack of a grab bar violates Federal Law 2010, ADAAG §§ 607.4.1.2 and 607.4.2.2.   The Plaintiff observed this condition.

kk.   In the restroom of accessible guestroom 105, the tub controls and shower spray unit are not between the centerline and the open and wide side of the shower/bathtub.   This condition violates Federal Law 2010, ADAAG §§ 607.5 and 608.5.   The Plaintiff observed this condition.

ll.   In the restroom of accessible guestroom 105, the bathtub and shower controls are not operable easily with one hand and require tight grasping, pinching or twisting of the wrist.   This condition violates Federal Law 2010, ADAAG §§ 607.5 and 309.4.   The Plaintiff observed this condition.

mm.   In the restroom of accessible guestroom 105, the seat height of the water closet is about 14.5 inches above the finish floor.   This seat height of the water closet is less than the minimum required height of 17 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 604.4.

nn.   In the restroom of accessible guestroom 105, as shown in the photograph below, there is no rear wall grab bar.   The lack of a rear wall grab bar in an accessible restroom violates Federal Law 2010, ADAAG § 604.5.   The Plaintiff observed this condition.



oo.   In the restroom of accessible guestroom 105, the side wall grab bar is about 28 inches long.   This side wall grab bar is less than the minimum required length of 42 inches (1065 mm), in violation of Federal Law 2010, ADAAG § 604.5.1.   The Plaintiff observed this condition.

pp.   In the restroom of accessible guestroom 105, the side wall grab bar only extends about 44 inches from the rear wall.   This side wall grab bar does not extend the minimum required length from the rear wall of 54 inches (1370 mm), in violation of Federal Law 2010, ADAAG § 604.5.1.   The Plaintiff observed this condition.

qq.   In the restroom of accessible guestroom 105, the end of the side wall grab bar nearest the rear wall is about 16 inches from the rear wall.   This end of the side wall grab bar nearest to the rear wall is located farther than the maximum allowed distance from the rear wall of 12 inches (305 mm), in violation of Federal Law 2010, ADAAG § 604.5.1. The Plaintiff observed this condition.

rr.    In the restroom of accessible guestroom 105, the lavatory pipes under the sink are not insulated.   As shown in the photograph below, this lack of insulation on the lavatory pipes under the sink violates Federal Law 2010, ADAAG §§ 606.3 and 606.5.   The Plaintiff observed this condition.



ss.    In the restroom of accessible guestroom 105, the controls for the lavatory faucet require tight grasping, pinching, or twisting of the wrist.   These conditions violate Federal Law 2010, ADAAG §§ 606.4 and 309.4.   The Plaintiff observed these controls.

tt.    In the restroom of accessible guestroom 105, the paper towel dispenser outlet is about 61 inches above the finish floor.   This paper towel dispenser is outside the reach range of an individual in a wheelchair of a maximum height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.1.   The Plaintiff observed this condition.

uu.   In the restroom of accessible guestroom 105, the water closet or toilet does not

have the flush control mounted on the open and wide side of the clear floor space. The position of this flush control on the toilet violates Federal Law 2010, ADAAG § 604.6. The Plaintiff observed this condition.

vv.   In the restroom of accessible guestroom 105, the towel rod is about 55 inches above the finish floor. The towel shelf is higher than the maximum allowed reach height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2. The Plaintiff observed this condition.

ww.        In the restroom of accessible guestroom 105, the towel shelf is about 62 inches above the finish floor. The towel shelf is higher than the maximum allowed height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.

**HALLWAY VENDING**

xx.   In Americas Best Value Inn, the soda vending machine dollar bill inlet is about 55 inches above the finish floor. This soda vending machine dollar bill inlet is higher than the maximum allowed height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.2. In his wheelchair, the Plaintiff tried to use this vending machine but could not due to the height of the dollar bill inlet above the floor.

yy.   In Americas Best Value Inn, the snack vending machine keys are about 56 inches above the finish floor. These snack vending machine keys are higher than the maximum allowed height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.2. in his wheelchair, the Plaintiff tried to get a snack from this vending machine but could not due to the height of the vending machine keys above the floor.

33. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

34. The discriminatory violations described in paragraph 32 are not an exclusive list of the Defendant's ADA violations.   Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

35. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's building and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

36. Defendant has discriminated against the individual by denying individuals access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual

with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

37.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

38.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

39.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

40.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

41.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff injunctive relief, including an order to require the Defendant to alter the Americas Best Value Inn, the Rinn Valley Restaurant, and the adjacent parking lot to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      That the Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by taking such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby designates

Denver, Colorado as the place of trial for this action.


Respectfully submitted,

s/Robert J. Vincze_____
Robert J. Vincze (CO #28399)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net
*Attorney for Plaintiff Fred Nekouee*